**No. 23-14009**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

AFFORDABLE HOUSING GROUP, INC.,
as Agent of the Federal Deposit Insurance Corporation,
as Manager of the FSLIC Resolution Fund,
successor in interest to the Resolution Trust Corporation,

*Plaintiff - Counter Defendant - Appellee,*

versus

FLORIDA HOUSING AFFORDABILITY, INC.,

*Defendant - Counter Claimant - Appellant,*

FEDERAL DEPOSIT INSURANCE CORPORATION,

*Counter Defendant - Appellee*

---

Appeal from the United States District Court
for the Middle District of Florida
No. 6:23-cv-00495-RBD-DCI

---

**APPELLANT'S BRIEF ON APPEAL**

Nikie Popovich, Esq.
POPOVICH LAW FIRM, P.A.
390 N. Orange Ave., Ste. 2300
Orlando, Florida 32801
407-965-2800
*Attorney for Appellant*
FLORIDA HOUSING AFFORDABILITY, INC.

**Certificate of Interested Persons and Corporate Disclosure Statement**

Affordable Housing Group, Inc., Appellee

Dalton, Roy B., Junior, Senior U.S. District Court Judge

Federal Deposit Insurance Corporation (FDIC), Appellee

Florida Housing Affordability, Inc., Appellant

Ilter, Emre N., Attorney for Appellee

Irick, Daniel C., U.S. Magistrate Judge

Kaufman, Dora F., Attorney for Appellee

Klemm, Russell E., Attorney for Appellee

Ognibene, Michelle, Attorney for Appellee

Popovich, Nikie, Attorney for Appellant

Walter, Mary J., Attorney for Appellee

## Statement Regarding Oral Argument

Appellant, FLORIDA HOUSING AFFORDABILITY, INC., does not request oral argument in this appeal.

**Table of Contents**

Certificate of Interested Persons and Corporate Disclosure Statement......................i

Statement Regarding Oral Argument ………………………………………………...ii

Table of Citations...........................................................................................................iv

Statement of Subject Matter and Appellate Jurisdiction .........................................1

Statement of the Issues...................................................................................................3

Statement of the Case......................................................................................................4
    A. Background......................................................................................................4
    B. Statement of Facts........................................................................................4

Standard of Review..........................................................................................................7

Summary of Argument ...................................................................................................9

Argument and Citations of Authority .......................................................................10
    I. The District Court Erred in Concluding that the Question Concerned
        Statutory Construction Rather than Contract Construction.  ..............10
    II.  The District Court's Narrow Construction of an Ambiguous Contract
        Term Is Erroneous.................................................................................12
    III.  The District Court Erred by Dismissing the Appellant's Counterclaim
        Because the Appellant Did State a Valid Claim for Relief................19

Conclusion ......................................................................................................................22

Certificate of Compliance ...........................................................................................23

# Table of Citations

## Federal Cases

Affordable Hous. Grp., Inc. v. Fla. Hous. Affordability, Inc., 2023 U.S. Dist. LEXIS 229731, 2023 WL 8827565 (M.D. Fla. November 9, 2023) ...................1

Aleman Food Services, Inc. v. United States, 994 F.2d 819 (Fed. Cir. 1993) ........14

Armour & Co. v. Wantock, 323 U.S. 126 (1944)....................................................20

Barron Bancshares, Inc. v. United States, 366 F.3d 1360 (Fed. Cir. 2004) ............15

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) .......................................8, 20, 21

Beta Sys., Inc. v. United States, 838 F.2d 1179 (Fed. Cir.1988)............................16

BJM, Inc. v. Melport Corp., 18 F. Supp. 2d 704 (W.D. Ky. 1998)........................11

Chris Berg, Inc. v. United States, 455 F.2d 1037 (Ct. Cl.1972)..............................17

City of Tacoma, Dep't of Pub. Utils. v. United States, 31 F.3d 1130 (Fed. Cir.1994) ......................................................................................................14

Cmty. Heating & Plumbing Co. v. Kelso, 987 F.2d 1575 (Fed. Cir.1993).............15

Coast Fed. Bank, FSB v. United States, 323 F.3d 1035 (Fed. Cir.2003) ...............14

C. Sanchez and Son, Inc. v. United States, 6 F.3d 1539 (Fed. Cir.1993)...............13

Edwards v. Prime, Inc., 602 F.3d 1276 (11th Cir. 2010)....................................8, 20

Energy Reserves Grp., Inc. v. Kan. Power & Light Co., 459 U.S. 400 (1983).......11

Flohr v. Mackovjak, 84 F.3d 386 (11th Cir. 1996)...................................................1

iv

Foley Co. v. United States, 11 F.3d 1032 (Fed. Cir.1993) ......................................13

Gardiner, Kamya & Assoc., P.C. v. Jackson (Gardiner), 467 F.3d 1348 (Fed. Cir. 2006) ........................................................................................................................17

Georgia Ass'n of Latino Elected Offs., Inc. v. Gwinnett County. Bd. of Registration & Elections, 36 F.4th 1100 (11th Cir. 2022) ...................................7

Geter v. Galardi South Enters., 43 F. Supp. 3d (S.D. Fla. 2014) .......................7, 21

Gould, Inc. v. United States, 935 F.2d 1271 (Fed. Cir.1991).................................13

Great Am. Assurance Co. v. Sanchuk, LLC, No. 8:10-cv-2568-T-33AEP, 2012 U.S. Dist. LEXIS 7477, 2012 WL 195526 (M.D. Fla. Jan. 23, 2012) .................7

Grumman Data Sys. Corp. v. Dalton, 88 F.3d 990 (Fed. Cir. 1996).......................15

Illinois v. Lidster, 540 U.S. 419 (2004)..................................................................19

Landgraf v. USI Film Prod., 511 U.S. 244 (1994) ..................................................10

Leib v. Hillsborough County. Pub. Transp. Comm'n, 558 F.3d 1301 (11th Cir. 2009) ............................................................................................................................7

Loftin v. Rush, 767 F.2d 800 (11th Cir. 1985) ..........................................................1

Lynch v. United States, 292 U.S. 571 (1934)...........................................................18

Metro. Area Transit, Inc. v. Nicholson (Metro.), 463 F.3d 1256 (Fed. Cir.2006) ……………………………………………16, 17

Meyer v. One West Bank, F.S.B., 91 F. Supp. 3d (C.D. Cal. 2015) ......................17

Pacificorp Capital, Inc. v. United States, 25 Cl.Ct. 707 (1992), aff'd per curiam, 988 F.2d 130 (Fed. Cir.1993)…………………………………………………16, 21

Rehbein v. CitiMortgage, Inc., 937 F. Supp. 2d 753 (E.D. Va. 2013) ...................10

Rivell v. Priv. Health Care Sys., Inc., 520 F.3d 1308 (11th Cir. 2008) ..............8, 20

Sun Shipbuilding & Dry Dock Co. v. United States, 183 Ct.Cl. 358, 393 F.2d 807 (1968) ..................................................................................................15

Tecom, Inc. v. United States, 66 Fed. Cl. 736 (2005) ...........................................16

TEG-Paradigm Envtl., Inc. v. United States (TEG-Paradigm), 465 F.3d 1329 (Fed. Cir.2006) ..................................................................................................14

Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308 (2007) ...........................8

Turner Constr. Co. v. United States, 367 F.3d 1319 (Fed. Cir.2004) ....................17

United States v. Lennox Metal Mfg. Co., 225 F.2d 302,313 (2d Cir. 1955) ..........10

United States v. Robeson, 34 U.S. 319 (1835) .....................................................10

United States v. Standefer, 610 F.2d 1076 (3d Cir. 1979) ....................................20

United States v. Zak, 481 F. Supp. 3d (N.D. Ga. 2020) .........................................7

Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140 (1934) .............2, 18

Winstar Corp. v. United States, 64 F.3d 1531(Fed. Cir. 1995) .............................18

### State Cases

Bd. of Trustees of Cmty. Dist. No. 513 v. Krizek, 113 Ill. App. 3d 222, 446 N.E.2d 941 (Ill. 1983) ..................................................................................11

Feakes v. Bozyczko, 369 N.E.2d 978 (Mass. 1977).............................................11

In re Estate of Peterson, 381 N.W.2d 109 (Neb. 1986)........................................11

## Federal Statutes

12 U.S.C. §1441a ........................................................................3, 11

12 U.S.C. § 1441a(c)..........................................................9, 11, 15, 21

12 U.S.C. § 1819(b) (2) (B) ....................................................................1

28 U.S.C. § 1291 ....................................................................................1

124 Stat. 1555 ........................................................................................4

## Federal Rules

Fed. R. App. P. 4(a)(1)(B) ....................................................................1

Fed. R. Civ. P. 12(b)(6)..........................................4, 5, 6, 8, 16, 20,21

Fed. R. Civ. P. 12(d) ..............................................................................7

Fed. R. App. P. 32(a)(5) ......................................................................23

Fed. R. App. P. 32(a)(6)......................................................................23

Fed. R. App. P. 32(a)(7)(B) ................................................................23

Fed. R. App. P. 32(a)(7)(B)(f) ............................................................23

## Miscellaneous

Steven W. Feldman, Statutes and Rules of Law As Implied Contract Terms: The Divergent Approaches and A Proposed Solution, 19 U. Pa. J. Bus. L. 809, 815 (2017) ..............................................................................................10

11 Williston on Contracts § 30:23 (4th ed. 2012) .................................11

Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366 (3d ed.) ..................................8

## Statement of Subject Matter and Appellate Jurisdiction

FLORIDA HOUSING AFFORDABILITY, INC., appeals from a final order of the United States District Court for the Middle District of Florida, Orlando Division (Roy B. Dalton, Jr., J.), entered on November 13, 2023. (Doc. 55, 56; *Affordable Hous. Grp., Inc. v. Fla. Hous. Affordability, Inc.*, 2023 U.S. Dist. LEXIS 229731, \*1, 2023 WL 8827565 (M.D. Fla. November 13, 2023)). The order granted the motion of FDIC, as an intervenor who had removed the case to federal court, to dismiss a counterclaim asserted against it and remanded the case to the state court. (Doc. 55.) More specifically, the district court concluded that the repeal of 12 U.S.C. § 1441a (1989) in the Dodd-Frank Act did not prevent the FDIC's enforcement of a Land Use Restriction Agreement entered into before the repeal.

The district court had jurisdiction over the removed action under 12 U.S.C. § 1819(b)(2)(B). This Court has jurisdiction of this appeal under 28 U.S.C. § 1291 because the notice of appeal was timely filed on December 8, 2023, Fed.R.App.P. 4(a)(1)(B), and an order granting dismissal of a counterclaim is precedent to and separate from an order of remand and is thus itself appealable. *See Flohr v. Mackovjak*, 84 F.3d 386, 389 (11th Cir. 1996).  In *Loftin v. Rush*, 767 F.2d 800,

1

803 (11th Cir. 1985), abrogated on other grounds by, *U.S. Bank Nat. Ass'n v. Smith*, 693 Fed. App. 827 (11th Cir. 2017)), this Court reviewed a district court's order dismissing a claim against the United States and remanding the pendent claims against the remaining defendants to state court on the ground that "in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause." (quoting *Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140, 143 (1934)).

**Statement of the Issues**

1. Whether assuming the truth of all factual allegations contained in a state court counterclaim to a contract dispute, which alleges that a Land Use Restriction Agreement (LURA) is no longer operative because the contract's term has expired, and giving the pleader the benefit of the doubt, states a viable claim for relief.

2. Whether the term of the LURA expired upon the repeal of 12 U.S.C. §1441a in the Dodd-Frank Act.

## Statement of the Case

A. <u>Background</u>

Plaintiff, Affordable Housing Group, Inc. (AHG), acting as the monitoring agent for the FDIC, filed a breach of contract case against Florida Housing Affordability, Inc. (FHA), the Appellant and Counterclaim Plaintiff. The lawsuit aimed to enforce the payment and reporting obligations under a 1994 Land Use Restriction Agreement (LURA). FHA filed a State Court counterclaim to the dispute in which they claimed that the LURA was no longer operative because the contract term had ended. The FDIC intervened as another counterclaim defendant, removed the case to federal court, and made a motion under Fed.R.Civ.P. 12(b)(6) to dismiss, which was granted.

B. <u>Statement of Facts</u>

The Resolution Trust Corporation ("RTC") Affordable Housing Disposition Program was established in 1989 under section 501 of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) to encourage investment in affordable housing. (Doc. 1, ¶ 8.)1. The Program allowed the RTC to sell

---

1.  Section 21A(c) of the Federal Home Loan Bank Act, as amended by section 501 of the Financial Institutions Reform, Recovery, and Enforcement Act, 12 U. S. C. § 1441a (1989), Repealed. Pub. L. 111–203, title III, § 364(b), July 21, 2010, 124 Stat. 1555.

properties at a discount to private owners in exchange for rental accommodations for low-income families, as specified in land-use regulations. (*Id.*, ¶¶ 9-10.)

The Three Fountains apartment building in Osceola, Florida, is at the center of the current controversy (*Id.,* ¶¶ 4-5.) In 1994, the RTC transferred the building to FHA and the parties signed a forty-year LURA, which is now in question. (*Id.*, Ex. p. 55.) The LURA established occupancy, rent, compliance reporting, and administrative costs for the Three Fountains (*Id.,* Ex. p. 76, § 4.6). The Program's manual supplements these requirements. (*Id.*, Ex. pp. 64-86.)

Insofar as pertinent to this case, the LURA provides that the agreement would end on the date "upon which there is a change in federal law which prevents RTC or the Agency (the FDIC) from enforcing the agreement."

After the RTC was dissolved, the Federal Savings and Loan Insurance Corporation ("FSLIC") Resolution Fund (the "Fund") became its successor-in-interest. (*Id.,* ¶ 15; Ex. p. 44.) The FDIC manages the Fund, while AHG serves as its agent. (*Id.*) AHG's duty to the FDIC is to monitor FHA's compliance with the LURA on the Three Fountains. (*Id.*)

AHG alleges that FHA has frequently violated the LURA by neglecting to submit annual compliance reports and administrative costs. (*Id.,* ¶ 13; Ex. pp. 44-

5

51.) FHA's failure to submit compliance reports hinders AHG's ability to assess compliance with the LURA's occupancy requirements. This includes determining whether the minimum number of rental units is available to low-income families and if the rent restrictions are followed. (*Id.,* ¶ 14.)

AHG filed a lawsuit against FHA in state court seeking declaratory and injunctive relief, as well as breach of the LURA. (*Id.*, *passim*.) FHA answered and filed a complaint against AHG for declaratory and injunctive relief, claiming that the LURA no longer applies as the contract's term has expired. (*Id*., Ex. pp. 117-21.) FDIC joined as a counterclaim defendant and moved the action to federal court. (*Id.*, pp. 1–6.) As indicated, the District Court granted the motion to dismiss, concluding that the repeal of 12 U.S.C. § 1441a (1989) in the Dodd-Frank Act did not prevent the FDIC's enforcement of a Land Use Restriction Agreement entered into before the repeal. FHA filed a timely appeal.

## Standard of Review

"A motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *United States v. Zak*, 481 F. Supp. 3d 1305, 1307 (N.D. Ga. 2020) (quoting *Great Am. Assurance Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 U.S. Dist. LEXIS 7477, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012); *see also Geter v. Galardi South Enters., Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014).

This Court reviews the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *See Georgia Ass'n of Latino Elected Offs., Inc. v. Gwinnett County. Bd. of Registration & Elections*, 36 F.4th 1100, 1112 (11th Cir. 2022); *Leib v. Hillsborough County Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).

In general, courts ruling on Rule 12(b)(6) motions to dismiss are confined to the pleading. If they wish to consider extrinsic evidentiary material, Rule 12(d) compels them to convert the motion into a Rule 56 motion for summary judgment and to provide the parties with a "reasonable opportunity" to present additional relevant material. *See* Fed. R. Civ. P. 12(d). Courts may, however, consider certain

7

"documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" in connection with a Rule 12(b)(6) motion, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007), without converting the motion. *See* Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366 (3d ed.).

Whether a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted turns on whether the plaintiff has alleged enough plausible facts to support the claim stated. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.' " *Edwards v. Prime, Inc*., 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc*., 520 F.3d 1308, 1309 (11th Cir. 2008)). The plausibility standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556.

## Summary of Argument

This case does not involve the retroactive repeal of a federal statute. It concerns the construction of a contract.

The Appellant contends that the agreement at issue ended because the parties intended and agreed that: (i) FHA's obligation to comply with certain rent and occupancy restrictions was dependent upon the continued existence of a federal statute (12 U.S.C. § 1441a(c)), and (ii) that the agreement would end on the date "upon which there is a change in federal law which prevents RTC or the Agency (the FDIC) from enforcing the agreement."  § 1441a(c) was subsequently repealed (ceased to exist) by the Dodd-Frank Act in 2010; therefore, FHA's compliance obligations ended, by agreement of the parties.  As a result of FHA's compliance obligations being extinguished, the repeal of § 1441a (c) was "a change in federal law which prevents the RTC or the Agency (FDIC) from enforcing the agreement," because there remains no rent and occupancy restrictions for the RTC or the Agency (FDIC) to enforce.

## Argument and Citations of Authority

## I. The District Court Erred in Concluding that the Question Concerned Statutory Construction Rather than Contract Construction.

This case concerns the construction of a contract not a statute since a contract by nature is "a law between the parties." *United States v. Robeson*, 34 U.S. 319, 327 (1835); *see also United States v. Lennox Metal Mfg. Co.*, 225 F.2d 302, 313 n.32 (2d Cir. 1955) (Frank, J.) ("A contract has often been regarded as a private statute, made by the parties, governing their relations.")2.

It is generally said that "contracts are generally understood to incorporate only those laws which exist at the time of formation." *Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 764 (E.D. Va. 2013). There is, however, a caveat, which is the "most important variation on the rule, statutes enacted after the execution of the contract are not generally part of the agreement '[u]nless [the contract's] provisions establish that the parties intended to incorporate subsequent [legislative] enactments into their agreement.'" Steven W. Feldman, *Statutes and Rules of Law*

_____

2. As a matter of statutory construction, the analysis is also flawed. "Even absent specific legislative authorization, application of [new statutes passed after the events in suit] is unquestionably proper in many situations." *Landgraf v. USI Film Prod.*, 511 U.S. 244, 273 (1994).

10

*As Implied Contract Terms: The Divergent Approaches and A Proposed Solution*, 19 U. Pa. J. Bus. L. 809, 815 (2017) (quoting *Feakes v. Bozyczko*, 369 N.E.2d 978, 980 (Mass. 1977); and citing *In re Estate of Peterson*, 381 N.W.2d 109, 116 (Neb. 1986) ("'Nothing prevents the parties to a contract from agreeing to be bound with references to future laws ....'") (in turn quoting *Bd. of Trustees of Cmty. Dist. No. 513 v. Krizek*, 113 Ill. App. 3d 222, 226, 446 N.E.2d 941, 944 (Ill. 1983))).

As stated in 11 Williston on Contracts § 30:23 (4th ed. 2012), "[A]s a rule of construction, changes in the law after the execution of a contract are not deemed to become part of the agreement unless its language indicates such to have been the intention of the parties." This is such a case. *See Energy Reserves Grp., Inc. v. Kan. Power & Light Co.*, 459 U.S. 400, 405(1983) (finding contract to incorporate future laws where it explicitly stated that it extended to "relevant present and future state and federal laws"); *BJM, Inc. v. Melport Corp.*, 18 F. Supp. 2d 704, 706 (W.D. Ky. 1998).  Page 1, paragraph 3 of the LURA explicitly states Owner must agree to comply with certain occupancy and rent restrictions found in "(12 U.S.C. § 1441a (c), as amended"  In addition the LURA (pg. 2, paragraph 1) explicitly defines "ACT" to be "(12 U.S.C.  § 1441a), as amended, <u>or any corresponding</u>

11

provision or provisions of succeeding law as it or they may be amended from time to time."

## II.  The District Court's Narrow Construction of an Ambiguous Contract Term Is Erroneous.

The District Court erred in narrowly interpreting the LURA term "a change in Federal law which prevents the enforcement of the LURA" to mean only a change in the law that removes the RTC's or Agency's jurisdiction to enforce the LURA under the statute. The District Court concluded that repealing § 1441a does not, as a matter of law, prevent the RTC or the Agency from enforcing rent and occupancy compliance (by abrogating their vested authority).  The FDIC offered a restricted interpretation of the LURA clause in their Motion to Dismiss, which phrase is not defined in the LURA.

The District Court's restrictive reading is erroneous and irrelevant to the decision that Florida Housing Affordability, Inc. failed to state a claim on which relief might be given based on FHA's pleadings.

 "Contract interpretation begins with the plain language of the agreement." *Foley Co. v. United States*, 11 F.3d 1032, 1034 (Fed. Cir.1993); *see C. Sanchez and Son, Inc. v. United States*, 6 F.3d 1539, 1543 (Fed. Cir.1993) ("A contract is read in accordance with its express terms and the plain meaning thereof."); *Gould,*

12

*Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir.1991). A court should first employ a "plain meaning" analysis in any contract dispute. *See Aleman Food Services, Inc. v. United States*, 994 F.2d 819, 822 (Fed. Cir. 1993).

The plain language of the contract "must be given that meaning that would be derived from the contract by a reasonably intelligent person acquainted with the contemporaneous circumstances." *TEG–Paradigm Envtl., Inc. v. United States (TEG–Paradigm)*, 465 F.3d 1329, 1338 (Fed. Cir.2006) (alteration in original) (internal quotation marks omitted). It will be viewed as controlling if it is unambiguous on its face. *Coast Fed. Bank, FSB v. United States*, 323 F.3d 1035, 1040–41 (Fed. Cir.2003) (en banc); see *TEG–Paradigm*, 465 F.3d at 1338 ("When the contract's language is unambiguous it must be given its plain and ordinary meaning and the court may not look to extrinsic evidence to interpret its provisions." (internal quotation marks omitted)). Accordingly, the court may not introduce extrinsic evidence "to create an ambiguity where the language is clear." *City of Tacoma, Dep't of Pub. Utils. v. United States*, 31 F.3d 1130, 1134 (Fed. Cir.1994).

13

Even the District Court agreed that the plain meaning urged by the Appellant was "plausible at first glance." It is more than that. In its pleadings, FHA presents a more acceptable interpretation of the LURA language at issue. FHA does not claim that repealing § 1441a(c) eliminated the RTC and Agency's jurisdiction to enforce rent and occupancy limitations. FHA claims that the parties intended that FHA's obligations to comply with specific rent and occupancy limits were dependent on the continued existence and authority of § 1441a(c), as amended. As stated in the LURA recitals, the parties freely agreed that a future revision of § 1441a(c) destroyed FHA's duties to comply. This "prevents the enforcement" of those responsibilities because there are no compliance obligations for the RTC or Agency to enforce.

At best, the contract provisions are ambiguous. A contract is ambiguous if it is "susceptible to more than one reasonable meaning." *Barron Bancshares, Inc. v. United States*, 366 F.3d 1360, 1375–76 (Fed. Cir. 2004)[3]; *see also Grumman Data Sys. Corp. v. Dalton*, 88 F.3d 990, 997 (Fed. Cir. 1996). Stated differently, a contract may be found to be ambiguous if the provisions under scrutiny reasonably may be interpreted in at least two ways. *See Sun Shipbuilding & Dry Dock Co. v.*

---

3. Appellant cites to decisions of the Federal Circuit and the Court of Claims as they apply federal common law to construction of government contracts.

14

*United States*, 183 Ct.Cl. 358, 372, 393 F.2d 807, 815–16 (1968). Although the

parties' differing interpretations of contract terms do not necessarily create an

ambiguity, *Cmty. Heating & Plumbing Co. v. Kelso*, 987 F.2d 1575, 1578 (Fed.

Cir.1993), a contract will be considered ambiguous if "it sustains the

interpretations advanced by both parties to the suit." *Pacificorp Capital, Inc. v.

United States*, 25 Cl.Ct. 707, 716 (1992), aff'd per curiam, 988 F.2d 130  (Fed.

Cir.1993) (unpublished table disposition).

   If a contract is ambiguous, the court may rely on extrinsic evidence to

discern the parties' intent. *See Metro. Area Transit, Inc. v. Nicholson (Metro.)*, 463

F.3d 1256, 1260 (Fed. Cir.2006) ("Having found the contract ambiguous, we may

appropriately look to extrinsic evidence to aid in our interpretation of the

contract."). However, if the court must weigh extrinsic evidence of the parties'

intent to interpret an ambiguous contract, "the matter is not amenable to summary

resolution." *See Beta Sys., Inc. v. United States*, 838 F.2d 1179, 1183 (Fed.

Cir.1988) ("To the extent that the contract terms are ambiguous, requiring

weighing of external evidence, the matter is not amenable to summary

resolution."); *Tecom, Inc. v. United States*, 66 Fed. Cl. 736, 743 (2005) (stating that

when a contract is "ambiguous, necessitating a review of extrinsic evidence to

15

determine the parties' intent," summary judgment is not appropriate "if material facts are genuinely in dispute").

Consequently, dismissal under Fed.R.Civ.P. 12(b)(6) is impermissible.

In any event, if extrinsic evidence does not resolve the ambiguity, the court may then resort to the doctrine of contra proferentem. *See Gardiner, Kamya & Assoc., P.C. v. Jackson (Gardiner)*, 467 F.3d 1348, 1354 (Fed. Cir. 2006) ("When a contract is ambiguous, before resorting to the doctrine of contra proferentem, 'we may appropriately look to extrinsic evidence to aid in our interpretation of the contract.' " (quoting *Metro*., 463 F.3d at 1260)). "[T]he rule of contra proferentem ... requires that ambiguous or unclear terms that are subject to more than one reasonable interpretation be construed against the party who drafted the document." *Turner Constr. Co. v. United States*, 367 F.3d 1319, 1321 (Fed. Cir.2004); *see Chris Berg, Inc. v. United States*, 455 F.2d 1037, 1044 (Ct. Cl.1972). ("[I]f an ambiguity cannot be cleared up by reading the contract as a whole or looking to the circumstances attending the transaction and the conduct of the parties, the ambiguity should be resolved against the party who drafted the contract.").

The cases cited by the District Court are inapposite. *Meyer v. One West Bank, F.S.B.*, 91 F. Supp. 3d 1177 (C.D. Cal. 2015), does not involve contract interpretation. As discussed, it is contract construction, not statutory construction that is at issue here.

Reliance on *Lynch v. United States*, 292 U.S. 571 (1934), is difficult to understand. In that case, the plaintiffs had entered into agreements with the United States for War Risk Insurance and had paid the prescribed monthly premiums. 292 U.S. at 576. Congress subsequently enacted the Economy Act which included a clause stating: "All laws granting or pertaining to yearly renewable term insurance are hereby repealed." *Id.* at 575. The Supreme Court held the legislation unlawful. As the Court stated: "No doubt there was in March 1933, great need of economy.... But Congress was without power to reduce expenditures by abrogating contractual obligations of the United States." *Id.* at 580. The case has nothing to do with the issues at hand.

Certiorari was granted in *Winstar Corp. v. United States*, 64 F.3d 1531(Fed. Cir. 1995) and the case affirmed and remanded sub. nom. *United States v. Winstar Corp.*, 518 U.S. 839 (1996). If anything, the case supports the Appellant's argument.

17

In *Winstar*, to reduce the petitioner's liabilities in paying out insurance for failing savings and loans during a time of financial crisis for the industry, the Government entered into contracts with respondents to enlist their aid in buying out some of those failing organizations. Clauses within the contracts between the parties incorporated existing law as specific terms of the contract or specifically called on the petitioner's duty to accept liability for damages caused to respondents in the event of statutory changes related to respondents' status as a result of these transactions. Subsequent legislation was enacted that resulted in the failure of two respondents and the near failure of a third. Although unable to agree upon an opinion, the Court held that the terms of the contract "unmistakably" spelled out the Government's obligation to indemnify respondents for damages incurred. The Government was not immune based on sovereignty from complying with the express terms of their contracts and was held in breach for failing to comply.

In relying upon the latter two decisions, the District Court plucked various phrases from them. It failed to follow the Supreme Court's admonition that language in judicial opinions should be read "as referring in context to circumstances similar to the circumstances then before the Court and not referring to quite different circumstances that the Court was not then considering." *Illinois v.*

*Lidster*, 540 U.S. 419, 424 (2004). "It is timely again to remind counsel that words of our opinions are to be read in the light of the facts of the case under discussion. To keep opinions within reasonable bounds precludes writing into them every limitation or variation that might be suggested by the circumstances of cases not before the Court. General expressions transposed to other facts are often misleading." *Armour & Co. v. Wantock*, 323 U.S. 126, 132–33 (1944); *see United States v. Standefer*, 610 F.2d 1076, 1100 (3d Cir. 1979) (Aldisert, J., concurring in part, dissenting in part) ("Recognition of the differences between the material facts of this case and those implicated in every case cited in support of the result reached by the majority leads me to conclude that the cases do not authoritatively support the majority's result.").

## III.  The District Court Erred by Dismissing the Appellant's Counterclaim Because the Appellant Did State a Valid Claim for Relief.

Whether a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted turns on whether the plaintiff has alleged enough plausible facts to support the claim stated.  *See Twombly*, 550 U.S. at 570. "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards*, 602 F.3d at 1291 (quoting *Rivell,* 520 F.3d at 1309). The

19

plausibility standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556.

The determination that the Appellant's pleadings alleged enough facts (if true) to state a claim for which relief may be granted is derived as follows:

1.  If the parties intended that FHA's <u>obligation to comply</u> with certain occupancy and rent restrictions depended upon the existence of § 1441a(c), as amended;

2.  And if the parties intended that future changes in Federal law § 1441a(c), as amended, could change (*e.g.*, expand, contract, or extinguish) FHA's <u>obligation to comply</u> with those certain occupancy and rent restrictions;

3. And if the extinguishment of FHA's obligation to comply with certain rent and occupancy restrictions prevents the RTC or the Agency (FDIC) from enforcing the LURA;

4. Then the repeal of § 1441a(c) was a future change in Federal law which extinguished FHA's obligation to comply with those rent and occupancy restrictions and, thereby, prevented the RTC or the Agency from enforcing the LURA (thus terminating the LURA) and <u>FHA has stated a valid claim upon which relief may be granted.</u>

20

In sum, the District Court erred in dismissing the counterclaim on a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

## Conclusion

The counterclaim, which alleges that a Land Use Restriction Agreement (LURA) is no longer operative because the contract's term has expired, states a viable claim for relief and could not be dismissed on a pre-answer motion.

Accordingly, the order on review should be reversed and the case remanded for further proceedings.

Dated: March 29, 2024                     /s/  Nikie Popovich
                                          Nikie Popovich, Esq.
                                          Fla. Bar. No.: 72331

**Certificate of Compliance**

This brief complies with the type-volume limitation of the Fed. R. App. P. 32(a)(7)(B) because:

1. This brief contains 5,037 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this brief has been prepared in a proportionally spaced typeface, using MS Word: Times New Roman.