IN THE UNITED STATES COURT OF APPEALS
**FOR THE ELEVENTH CIRCUIT**

CASE NO.: 23-14009

AFFORDABLE HOUSING GROUP, INC.,
as an agent of the FEDERAL DEPOSIT
INSURANCE CORPORATION, as Manager
of the FSLIC Resolution Fund, successor in
interest to the Resolution Trust Corporation,

*Plaintiff-Counter Defendant-Appellee,*

versus

FLORIDA HOUSING AVAILABILITY, INC.,

*Defendant-Counter Claimant-Appellant,*

FEDERAL DEPOSIT INSURANCE CORPORATION,

*Counter Defendant-Appellee,*

Appeal from the United States District Court
For the Middle District of Florida

No. 6:23-cv-00495-RBD-DCI

**ANSWER BRIEF**

RUSSELL E. KLEMM, ESQ.
Florida Bar No. 0292826
Clayton & McCulloh, P.A.
1065 Maitland Center Commons Blvd.
Maitland, Florida 32751
Tel: (407) 875-2655

Attorney for Appellee
Affordable Housing Group, Inc.

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, and Eleventh Circuit Rule 26.1-1, Appellee, AFFORDABLE HOUSING GROUP, INC., hereby discloses the following trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns ten (10%) percent or more of a party's stock, and any other identifiable legal entities related to a party:

1. AFFORDABLE HOUSING GROUP, INC. (Plaintiff/Counterclaim Defendant-Appellee)

2. Clayton & McCulloh, P.A. (law firm representing Appellee AFFORDABLE HOUSING GROUP, INC.)

3. Dalton, Roy B., Jr. (Senior U.S. District Judge)

4. Equivest Realty, Inc.

5. FEDERAL DEPOSIT INSURANCE CORPORATION (Counterclaim Defendant/Intervenor-Appellee)

6. FLORIDA HOUSING AFFORDABILITY, INC. (Defendant / Counterclaim Plaintiff / Appellant)

7. Florida Housing Finance Corporation

- i -

8.    Hawkins, Jason R. (attorney representing appellant FLORIDA HOUSING AFFORDABILITY)

9.    Irick, Daniel (U.S. District Court Magistrate Judge)

10.    James, B. Amon (attorney for Appellee FDIC)

11.    Kaufman, Dora F. (attorney for Appellee FDIC)

12.    Klemm, Russell E. (attorney for Appellee AFFORDABLE HOUSING GROUP, INC.)

13.    Levine, Sonya (attorney for Appellee FDIC)

14.    Liebler, Gonzalez & Portuondo, PA (law firm representing Appellee FDIC)

15.    Ognibene, Michelle (attorney for Appellee FDIC)

16.    Savino, Joseph

17.    Schmitt, Jeffrey (attorney for Appellee FDIC)

18.    South Milhausen, P.A. (law firm representing Appellant FLORIDA HOUSING AFFORDABILITY)

19.    Tillman, Johnette (FDIC Affordable Housing Specialist)

20.    Walter, Mary J. (attorney for Appellee FDIC)

21.    Watson, J. Scott (attorney for Appellee FDIC)

22.    Young, Deidra

**STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Federal Rule of Appellate Procedure 34(a) and Eleventh Circuit Rule 28-1(c), Appellee, AFFORDABLE HOUSING GROUP, INC., respectfully suggests that oral argument be held in this case, as this case could potentially impact the nationwide Federal "Affordable Housing Program" ("Program"), and raises important issues as to the ability to enforce compliance by participants in the Program.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT .............................................. iii

TABLE OF CONTENTS.......................................................................................... iv

TABLE OF AUTHORITIES ....................................................................................v

I.      STATEMENT OF THE ISSUES ..................................................................1

II.     STATEMENT OF THE CASE ......................................................................1

        A.     Introduction. ......................................................................................1

        B.     Relevant Facts. ..................................................................................3

        C.     Relevant Procedural History. ............................................................5

        D.     Rulings Presented for Review. ..........................................................7

III.    SUMMARY OF ARGUMENT ....................................................................7

IV.     ARGUMENT .................................................................................................8

        A.     Standard of Review ...........................................................................8

        B.     Legal Standard...................................................................................8

        C.     FHA's Claim, Raised for the First Time on Appeal, That the Dismissal
               of the Counterclaim Based on an Ambiguous Contract is not Proper
               Under the Federal Rules of Civil Procedure, is not Supported by Any
               Facts...................................................................................................10

        D.     The Passage of 12 U.S.C. §1831q Preserves the Authority of the FDIC
               and its Monitoring Agent to Enforce the LURA, and Preserved the
               Term of the LURA. ..........................................................................11

V.      CONCLUSION.............................................................................................12

CERTIFICATE OF COMPLIANCE......................................................................13

CERTIFICATE OF SERVICE ..............................................................................14

- iv -

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Air Turbine Technology, Inc. v. Atlas Copco AB*, 336 Fed.Appx. 986, 988 (Fed. Cir., 2009)...................................................................................................8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)..............................................8

*Beepot v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, 57 F. Supp. 3d 1358, 1366 (M.D. Fla. 2014)......................................................................8

*In re Griffith*, 206 F.3d 1389, 1393 (11th Cir. 2000)..................................9

*Lynch v. U.S.*, 292 U.S. 571 (1934)...........................................................9

*Meyer v. One West Bank, F.S.B.*, 91 F. Supp. 3d 1177 (C.D. Cal. 2015) ................9

*National Ass'n of Social Workers v. Harwood*, 69 F.3d 622, 628 n.5 (1st Cir. 1995) ....................................................................................................10

*Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ..........................................10

*U.S. v. Winstar*, 518 U.S. 839 (1996) .......................................................9

*Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).....................8

**STATUTES**

"Dodd-Frank Wall Street Reform and Consumer Protection Act," ("Dodd-Frank Act"), Pub. L. No. 111-203, § 929-Z, 124 Stat. 1376, 1871 (2010) (codified at 15 U.S.C. § 78o) ..................................................... 2, 7, 9, 12

"Federal Home Loan Bank Act" (July 22, 1932, ch. 522, §1, 47 Stat. 725)...... 7, 12

Resolution Trust Corporation Completion Act, the "RTC Completion Act," PUB. L. 103-104, 107 Stat. 2369 .......................................................... 3, 11

**OTHER AUTHORITIES**

12 U.S.C. §1441 ......................................................................................2

12 U.S.C. §1441a ..................................................................... 2, 7, 9, 12

12 U.S.C. §1441a(c) ................................................................................. 1, 2, 11

12 U.S.C. §1441a(m)(1) ...................................................................................3

12 U.S.C. §1831q .................................................................................... 9, 11

12 U.S.C. §1831q(n)(4) ...................................................................... 3, 9, 11

Federal Register, FR DOC 95-31120 ..................................................11

**RULES**

Eleventh Circuit Rule 26.1-1 ............................................................... i

Eleventh Circuit Rule 28-1(c) .............................................................. iii

Fed. R. Civ. P. 12 (b)(6) ............................................................... 2, 8, 10

Federal Rule of Appellate Procedure 26.1 ........................................ i

Federal Rule of Appellate Procedure 32(a)(7)(B) ...................................13

Federal Rule of Appellate Procedure 34(a) ........................................ iii

## I.    STATEMENT OF THE ISSUES

The issue on appeal is whether the United States District Court for the Middle District of Florida properly dismissed Defendant and Appellant, FLORIDA HOUSING AFFORDABILITY INC.'s ("Appellant" or "FHA") Counterclaim against the Plaintiff and Appellee, AFFORDABLE HOUSING GROUP, INC., ("AHG"), and the Counterclaim Defendant and Appellee, FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC"), (collectively "Appellees").   The sole issue FHA presents on appeal is whether the repeal of 12 U.S.C. §1441a(c) precludes the FDIC, (and the AHG, as a monitoring agent for the FDIC), from continuing to enforce the "Land Use Restriction Agreement" ("LURA"), entered into by FHA and the FDIC's predecessor-in-interest, the Resolution Trust Corporation ("RTC"), in 1994.  [**APPENDIX pp 64-86**].   FHA bases its challenge to the enforceability of the LURA almost entirely upon a portion of a single provision of the LURA, purporting to terminate the LURA, where there has been a "…change in federal law which prevents RTC or the Agency from enforcing this agreement [the LURA] …." [**APPENDIX**] pp **66-67**].

## II.    STATEMENT OF THE CASE

### A.    <u>Introduction.</u>

This case is premised on the argument by the Appellant, that the Order of the Federal District Court of Appeal, in dismissing the Appellant's counterclaim, under

Fed. R. Civ. P. 12 (b)(6), and remanding jurisdiction to the state court, was improper, where the District Court found, as a matter of law, that the Appellant could not state a cause of action.

Appellant FHA's entire argument is based on the legally unsupportable claim that a LURA, with a term of forty (40) years, has, in fact, been terminated by the repeal of the Federal Home Loan Bank Act, and specifically, the repeal of 12 U.S.C. §1441a(c).

The FHA's argument is premised on a provision of the LURA, that is, the "Definitions" section of the LURA, under Section 1.1.(o)(1), and the false premise that the repeal of the Federal Home Loan Act (12 U.S.C. §1441a), was a "'…*change in federal law which prevents RTC or the Agency from enforcing this Agreement* [the LURA] ….'" [**Doc. 55**, p. 5; *emphasis in original*].

The District Court properly found, in its Order dismissing the Counterclaim of the FHA [**Doc. #55**], that there was not such a change in federal law, so as to end the "term" of the LURA, where (1) the Court found that the enactment of the "Dodd-Frank Wall Street Reform and Consumer Protection Act," ("Dodd-Frank Act"), Pub. L. No. 111-203, § 929-Z, 124 Stat. 1376, 1871 (2010) (codified at 15 U.S.C. § 78o) did not explicitly prohibit the enforceability of prior contracts under §1441, and (2) authority preserving existing LURA agreements and the enforcement of LURAs was

- 2 -

specifically transferred to the FDIC, by virtue of the enactment of the "Resolution Trust Corporation Completion Act," also referred to as the "RTC Completion Act," (12 U.S.C. §1441a(m)(1) and 12 U.S.C. §1831q(n)(4)).

**B.    Relevant Facts.**

The AHG is a not-for-profit corporation, based in Texas, and acts as an agent for the Appellee, FDIC, in the monitoring and enforcement of the "Affordable Housing Disposition Program" ("Program"), and specifically, insuring compliance under the Program, with the terms of the LURA, for those properties which are subject to a LURA.   ["Memorandum of Understanding for Monitoring and Enforcement," **Appendix,** pp 39-52].

In March of 1994, Appellant FHA (no relation to the Federal Housing Administration), purchased a 192-unit apartment complex, known as the "Three Fountains Apartments," in Kissimmee, Florida, from the RTC, acting as receiver for Southwest Federal Savings Association of Dallas Texas.[1]

The purpose of the Affordable Housing Program was to provide rental properties for "Lower-Income Family" or "Very Low-Income Family" housing, as specifically defined in the LURA.   ["Land Use Restriction Agreement by and

---

[1]   A corrective LURA was recorded in June 1994, to correct the "qualifying unit" requirements of Section 2.2 of the LURA, as recorded in the Official Records of Osceola County, Florida, at Official Records Book 1196, Page 0400.

- 3 -

Between Resolution Trust Corporation as Receiver for Southwest Federal Savings Association Dallas, Texas and Florida Housing Affordability, Inc., a Florida Not for Profit Corporation," **Appendix,** pp. 70-73].

FHA, in exchange for favorable terms of purchase, and other considerations given in the purchase of the property, was required to comply with all terms of the LURA, including the set-aside of a certain number of apartment units dedicated to "Lower Income Family," and "Very Low-Income Family," housing.

FHA has continually owned and operated the "Three Fountains Apartments" since 1994, and from approximately 1994 through 2014, did pay the required Administrative Fees (sometimes referred to as "Compliance Monitoring Fees"), and submit the various Compliance Monitoring documents, under the terms of the LURA, and the accompanying "Owner's Compliance Manual," to the prior compliance monitoring agent. ["Chapter 6: Reporting, Record-Keeping, and Administrative Requirements," **Appendix,** pp. 25-38].

Beginning in 2014, FHA failed to provide the requisite compliance reporting, as to the status of the renters, and the rent charged for the Lower Income Family and Very Low-Income Family units.

In 2016, Appellee FDIC did send formal notice to FHA of the AHG's appointment as the successor monitoring agent for the FDIC and requiring FHA to

- 4 -

submit the past due Compliance Monitoring Fees, and to comply with the required Compliance Reporting, and all other terms set forth in the LURA. [November 22, 2016, letter from FDIC to Joseph J. Savino, **Appendix,** pp. 53-57].

Despite repeated requests by the AHG and its counsel, FHA failed to submit the required Compliance Reporting, Compliance Monitoring, or pay any further Compliance Monitoring Fees, all in violation of the LURA. [**Appendix,** pp. 64-86].

The AHG, through its counsel, did submit on August 2, 2018 the requisite Notice of Default under Section 6.1 of the LURA, as a prerequisite to filing suit in state court, as is provided for under the terms of the LURA. [**Appendix,** pp. 58-61]. Having failed to receive any response from FHA, suit was filed in state court, by AHG against FHA, for multiple breaches of the LURA.

**C.**    **Relevant Procedural History.**

On January 20, 2020, AHG, as the Plaintiff, did file a Complaint in state court, in four counts. The Complaint, in addition to seeking a Declaratory Judgment, and the appointment of a Receiver, sought to enforce the terms of the LURA, and the breaches committed by FHA. On August 17, 2020, an Amended Complaint was filed by the AHG. [**Appendix,** pp. 10-20].

Subsequently, Defendant FHA sought leave to file a Second Amended Answer, Affirmative Defenses, and a Counterclaim, which was deemed filed by

- 5 -

Order dated September 16, 2022. [**Appendix,** pp. 132-133]. The Counterclaim disputed the authority of the FDIC, and Plaintiff AHG, as its monitoring agent, to enforce the terms of the LURA.

FHA's only legal basis for its Counterclaim was that the "term" of the LURA had expired, as the Definition provisions of the LURA state that the "term" shall end, "'upon which there is a change in federal law which prevents RTC or the Agency (the FDIC) from enforcing the agreement.'" [**Initial Brief,** p. 5].

Appellee FDIC filed its Motion to Intervene, and Intervention was granted by an Agreed Order dated March 2, 2023. The FDIC then filed a Notice of Removal to Federal Court, and the case was removed to the U.S. District Court for the Middle District of Florida, on March 17, 2023.

The FDIC filed a "Motion to Dismiss the Counterclaim and Supporting Memorandum of Law" on March 21, 2023 [**Doc. 8**], and on November 9, 2023, District Court Judge, Roy B. Dalton, Jr., did grant the Motion to Dismiss, with prejudice, which terminated the FDIC as a party to the District Court action. The case was remanded to state court, and the Clerk directed to close the file. [**Doc. 55** at p. 11].

**D.**    **Rulings Presented for Review.**

The only ruling before this Court is the Order of the District Court, and its patently correct Order dismissing, with prejudice, the Counterclaim of FHA [**Doc. 55**].

### III.    SUMMARY OF ARGUMENT

The appeal of FHA depends, primarily, upon an interpretation of a selective part of one sentence of the definitional section of the LURA, Section 1.1(o)(1) of the LURA, to which FHA is a party.

FHA, for the most part, ignores additional provisions of the LURA, which would provide for the continuing enforcement of the LURA by the FDIC,[2] and FHA has virtually ignored the statutory framework established to ensure the continuing viability of existing LURA agreements.   FHA has taken the position that there is no authority for the FDIC to enforce the LURA entered into by Appellant FHA.

The District Court did, correctly, find that the Counterclaim of FHA would require the retroactive application of the Dodd-Frank Act, for which there is no statutory or other basis.

---

[2]   The LURA does state, under Article I, "Definitions," Section 1.1(a): "(a) 'Act' means Section 21A of the Federal Home Loan Bank Act (12 U.S.C. §1441a), as amended, or any corresponding provision or provisions of succeeding law as it or they may be amended from time to time."

## IV.    ARGUMENT

### A.    Standard of Review

It is well established that a Motion to Dismiss under Rule 12(b)(6), Fed. R. Civ. Proc., will, in most cases, be limited to the Complaint, subject to dismissal, including documents referred to in the Complaint.   *See, Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also*, *Air Turbine Technology, Inc. v. Atlas Copco AB*, 336 Fed. Appx. 986, 988 (Fed. Cir., 2009).

Judicial notice may be taken of public records, when ruling on a motion to dismiss, where those records are central to a party's claim, and not subject to reasonable dispute.   *See, e.g.*, *Beepot v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, 57 F. Supp. 3d 1358, 1366 (M.D. Fla. 2014).

If a Complaint (or Counterclaim) does not plead facts to state a claim of relief that is plausible on its face, a Complaint may be dismissed.   *See*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In the present case, the District Court properly applied, as a standard of review, statutory interpretation, which analysis required the dismissal of FHA's Appeal, as FHA could not state a cause of action for which relief may be granted.

### B.    Legal Standard.

**The ruling of the District Court in dismissing the Counterclaim of FHA is the correct and only possible decision in this case.**

- 8 -

The ruling of the District Court, in granting the Motion to Dismiss FHA's Counterclaim, was based on the District Court's analysis that the repeal of 12 U.S.C. §1441a was not retroactive, and so did not prevent the FDIC from continuing to enforce the LURA.   [**Doc. 55** at p. 6].

The District Court, in referencing the case of *In re Griffith*, 206 F.3d 1389, 1393 (11th Cir. 2000), correctly ruled that:

> By leaving §1831q untouched when it passed the Dodd-Frank Act, Congress knew the FDIC could carry out the RTC's authority as established in §1441a.  Any conclusion from this Court that would interpret the repeal of §1441a to abrogate FDIC's pre-existing contracts under that statute would render §1831q superfluous and would thus be incorrect.

[**Doc. 55** at p. 7].

The District Court properly cited the cases of *Meyer v. One West Bank, F.S.B.*, 91 F. Supp. 3d 1177 (C.D. Cal. 2015), *Lynch v. U.S.*, 292 U.S. 571 (1934), and *U.S. v. Winstar*, 518 U.S. 839 (1996).

The District Court, therefore, properly dismissed the Counterclaim of FHA, where the only legal basis for such a Counterclaim would require the retroactive application of the Dodd-Frank Act, for which Appellant provided no support, nor does Appellant address the continuing authority of the FDIC and its agent, and the enforceability of the LURA, by virtue of the "Resolution Trust Corporation Completion Act," 12 U.S.C. §1831q(n)(4).

**C.**    **FHA's Claim, Raised for the First Time on Appeal, That the Dismissal of the Counterclaim Based on an Ambiguous Contract is not Proper Under the Federal Rules of Civil Procedure, is not Supported by Any Facts.**

FHA has devoted a significant portion of its Appeal attempting to categorize the LURA as an "ambiguous" document.   [**Initial Brief,** pp. 21-28].

However, FHA raises this issue for the first time, on Appeal.   Nowhere in the Counterclaim itself, or in the "Defendant/Counter-Plaintiff Florida Housing Affordability Inc.'s Response to Motions to Dismiss Filed by Counter-Defendant (Doc. 8) with Incorporated Memorandum of Law," [**Doc. 18**], does the Appellant claim that the LURA is unenforceable due to any contractual ambiguities, nor that the dismissal of the Counterclaim would be improper under Federal Rule 12(b)(6). It is axiomatic, and it remains the "[g]eneral rule that a federal appellate court does not consider an issue not passed on below."   *Singleton v. Wulff*, 428 U.S. 106, 120 (1976).   FHA has not, and cannot, argue an exception to the "General Rule."[3]

---

[3]   FHA could not argue "injustice" as an exception, as such a standard requires a much stronger showing than a purported "ambiguity."

> '[M]iscarriage of justice' means more than the individualized harm that occurs whenever the failure… to raise a claim or defense alters the outcome of a case.   Rather, courts ordinarily will relax the raise-or-waive principal… only if a failure to do so threatens the frustration of some broadly important right.

*National Ass'n of Social Workers v. Harwood*, 69 F.3d 622, 628 n.5 (1st Cir. 1995).

**D.** **The Passage of 12 U.S.C. §1831q Preserves the Authority of the FDIC and its Monitoring Agent to Enforce the LURA, and Preserved the Term of the LURA.**

On December 17, 1993, Congress enacted the RTC Completion Act (Resolution Trust Corporation Completion Act, the "RTC Completion Act," PUB. L. 103-104, 107 Stat. 2369). The RTC Completion Act directed the RTC and the FDIC to enter into an agreement to develop a plan for the orderly unification of the FDIC's and the RTC's Affordable Housing Programs. (Section 14(e) of the RTC Completion Act).

Under the Act, the FDIC continued to monitor and enforce RTC's Affordable Housing Program originally enacted under 12 U.S.C. §1441a(c). The public was informed that the RTC's regulations would continue to govern RTC's LURA.[4] The LURA executed by FHA was administered (for all but a very short period of time) by the FDIC, and its monitoring agents, including AHG.

The statutory framework established under 12 U.S.C. §1831q(n)(4) was specifically enacted to preserve the Affordable Housing Program and the LURAs, and the repeal of Section 21A(c) of "Federal Home Loan Bank Act" (July 22, 1932,

---

[4] On December 22, 1995, a joint notice of status of regulations was issued in the Federal Register, FR DOC 95-31120, in which it was announced that the FDIC will assume the responsibility for the RTC functions.

- 11 -

ch. 522, §1, 47 Stat. 725) by the Dodd-Frank Act would have no impact on the continuation of said Affordable Housing Program.

## V.    CONCLUSION

The District Court correctly dismissed the Appeal of the FHA, with prejudice, as the Court properly found that there was not a "'…*change in federal law which prevents RTC or the Agency from enforcing this Agreement* [the LURA] ….'" [**Doc. 55**, p. 5; *emphasis in original*].

The repeal of 12 U.S.C. §1441a by the Dodd-Frank Act had no impact on the authority of the FDIC, and the AHG, as its monitoring agent, to continue to enforce the terms of the Appellant's LURA.   The decision of the District Court in dismissing, with prejudice, the FHA Counterclaim was correct, and should be summarily affirmed.

Dated: May 23, 2024.            Respectfully submitted,

                                                **Clayton & McCulloh, P.A.**

                                                */s/ Russell E. Klemm*
                                                _____
                                                **RUSSELL E. KLEMM, ESQ.**
                                                Florida Bar No.: 0292826
                                                1065 Maitland Center Commons Blvd.
                                                Maitland, FL   32751
                                                (407) 875-2655 Telephone
                                                (407) 875-3363 Facsimile
                                                E-mail: rklemm@clayton-mcculloh.com (Primary)
                                                        cpraria@clayton-mcculloh.com (Secondary)
                                                *Attorney for Appellee Affordable Housing Group, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

In accordance with Federal Rule of Appellate Procedure 32(a)(7)(B), I certify that this Appellee Affordable Housing Group, Inc.'s Answer Brief uses Times New Roman14-point font and consists of 2,336 words.

*/s/ Russell E. Klemm*

**RUSSELL E. KLEMM, ESQ.**

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Russell E. Klemm*

**RUSSELL E. KLEMM, ESQ.**